## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE

**In re**

**THE ANDERSEN FIRM, P.C.**          **Case No.: 2:22-bk-50900-SHB**

    **Debtor**                    **Chapter 7**


**DOUGLAS L. PAYNE, TRUSTEE**

    **Plaintiff**

**v.**                                **Adv. Pro. No. _____**

**WILLIAM E. ANDERSEN, JR.**

    **Defendant**

## COMPLAINT

Comes Douglas L. Payne, Trustee in the above-captioned estate, and respectfully shows unto this Honorable Court:

### JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to Fed. R.Bankr. P. 7001.

2. This Court has jurisdiction over this matter pursuant to 28 U.S. C. §§ 1334 and 157.

3. This is a core proceeding under the provisions of 28 U.S.C. §157(b)(2)(A), (F) and (H).

4. Venue for this matter is proper pursuant to 28 U.S.C. § 1409.

### PARTIES

5. The Plaintiff is the duly appointed and acting chapter 7 trustee in the underlying bankruptcy case.

6. The Defendants is a former principal of the Debtor company.

7. On September 13, 2022, the Debtor commenced this bankruptcy case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code.

## COUNT I

8. The Debtor made the following four transfers to William Anderson, Jr. as shareholder distributions:

| | |
|---|---|
| November 6, 2018 | 48,000.00 |
| April 17, 2019 | 33,500.00 |
| August 5, 2019 | 32,074.01 |
| November 30, 2021 | 97,500.00 |

9. All of the transfers were made within four years prior to the bankruptcy petition date.

10. The November 30, 2021 transfer was made within two years prior to the bankruptcy petition date.

11. The Debtor received less than a reasonably equivalent value in exchange for such transfer.

12. At the time of the transfers the Debtor was insolvent or became insolvent by virtue of the transfers because the sum of its debts exceeded the valuation of its assets and because the Debtor was not paying its debts as they became due.

13. At the time of the transfers the Debtor was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

14. The Trustee may avoid the four transfers pursuant to 11 U.S.C. § 544(a) and the Tennessee Uniform Fraudulent Transfer Act, Tenn. Code Ann. § 66-3-101 *et seq*.

15. The Trustee may avoid the November 30, 2021 transfer pursuant to 11 U.S.C. § 548(a)(1).

16. The Trustee may recover the avoided transfers pursuant to 11 U.S.C. § 550(a)(1) for the benefit of the bankruptcy estate.

## COUNT II

17. The Debtor transferred $50,000.00 to William E. Andersen, Jr. on November 10, 2021, within one year of the bankruptcy petition date.

18. The Defendant was an insider of the Debtor.

19. The transfer was for payment of an antecedent debt owed to the Defendant by the Debtor.

20. The Debtor was insolvent at the time of the transfer because the sum of its debts exceeded the valuation of its assets and because the Debtor was not paying its debts as they became due.

21. The payment enabled the Defendant to receive more than it would have received if the transfers had not been made and the Defendant received payment of his debt to the extent provided by the provisions of the Bankruptcy Code in a Chapter 7 case.

22. The transfers to the Defendant may be avoided pursuant to 11 U.S.C. § 547(b) and recovered by the Trustee from the Defendant pursuant to 11 U.S.C. § 550(a)(1)

WHEREFORE, the Plaintiff prays that the Court enter a judgment in his favor and against the Defendant, William E. Andersen, Jr., awarding the following relief:

    a.    avoidance of the transfers totaling $211,074.01 as fraudulent conveyance pursuant to 11 U.S.C. §§ 548, 544(a) and Tenn. Code Ann. 66-3-101 *et seq.*;

    b.    avoidance of the transfers totaling $50,000.00 as a preference pursuant to 11 U.S.C. § 547(b);

  c. money judgment for the recovery of the value of the transfers pursuant to 11 U.S.C. § 550(a) against the Defendant;

  d. pre and post judgment interest; and

  e.. That the Plaintiff be awarded his costs in this action and have such further and general relief to which she may be entitled.

          s/ Edward J. Shultz
          Edward J. Shultz  (#014665)
          Attorney for the Plaintiff
          Tarpy, Cox, Fleishman & Leveille, PLLC
          1111 N. Northshore Drive, Suite N-290
          Knoxville, TN 37919
          (865) 588-1096
          eshultz@tcflattorneys.com