# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE

In re

**THE ANDERSEN FIRM, P.C.**                        Case No.: 2:22-bk-50900-SHB

    **Debtor**                                             Chapter 7

**DOUGLAS L. PAYNE, TRUSTEE**

    **Plaintiff**                                          Adv. Pro. No. 2:24-ap-05018-SHB

v.

**WILLIAM E. ANDERSEN, JR.**

    **Defendant.**

## STATEMENT OF FACTS THAT
## CANNOT GENUINELY BE DISPUTED

Defendant, William E. Andersen, Jr., pursuant to *Fed. R. Civ. P.* 56(c)(1), submits the following statement of facts in this record that cannot genuinely be disputed. [The Affidavit of Rhonda Miller filed herewith will be referred to herein as "Miller, ¶ ___].

1. The Andersen Firm, P.C. filed a voluntary chapter 7 petition on September 22, 2022. [Complaint (Doc. 1), ¶ 7].

2. Plaintiff seeks to avoid four (4) transfers "pursuant to 11 U.S.C. § 544(a) and the Tennessee Uniform Fraudulent Transfer [sic] Act, Tenn. Code §66-3-101, et seq." [Id., ¶ 4].

3. The four (4) transfers to the Defendant were the following four (4) shareholders distributions:

        November 6, 2018 -    $48,000
        April 17, 2019 -      $35,500

        August 5, 2019 -    $32,074.01
        November 30, 2021 - $97,500

[Id., ¶ 8].

4.     The Plaintiff also seeks to avoid the November 30, 2021 transfer to the Defendant pursuant to 11 U.S.C. § 548(a)(1) [Id., ¶ 15].

5.     The Andersen Firm, P.C. (the "Debtor") was formed as a Tennessee professional corporation. [Miller, ¶ 4].

6.     The business of the Debtor was the general practice of law. [Id.].

7.     The Defendant William E. Andersen, Jr. was an employee and shareholder of the Debtor on the dates of the Transfers and the Alleged Preferential Transfers. [Id.].

8.     The Debtor elected S status under Subchapter S of the Internal Revenue Code. [Id.,¶ 6].

9.     The Debtor filed federal income tax returns (Form 1120 S) with the Internal Revenue Service for the years 2018, 2019, 2020 and 2021. [Id.].

10.     During the year 2018, the Debtor had or earned net income of $331,092. [Id., ¶ 7].

11.     During the years 2018 and 2019, William E. Andersen, Jr. was a full time employee of The Andersen Firm and a sixty percent (60%) shareholder. [Id., ¶ 8].

12.     The Debtor routinely made distributions to its shareholders, primarily to cover the tax liability of the Debtor that passed through to them as shareholders of the company. [Id.].

13.     The $48,000 payment to Mr. Andersen on November 6, 2018 was a shareholder distribution to him in the ordinary course of business of the Debtor. [Id].

14.     On November 6, 2018, the date of the $48,000 payment to Mr. Andersen, the distribution to Mr. Andersen did not leave the Debtor with remaining assets that were unreasonably small, or leave the Debtor in a position that it would incur debts beyond its ability to pay or impact its ability to pay its debts as they became due. [Id., ¶'s 8, 9].

15.     Given the Debtor's net earnings in 2018, the Debtor's liabilities were always current, and it was always in a financial position to pay its debts as they became due. [Id].

16.     In 2019, the Debtor had net income of $242,837. [Id., ¶ 10].

17.     In 2019, the Debtor made two (2) shareholders distributions to Mr. Andersen: a $33,500 distribution on April 17, 2019, and a $32,074.01 distribution on August 5, 2019. [Id., ¶ 11].

18.     These two (2) distributions to Mr. Andersen were made in the ordinary course of business of the Debtor. [Id., ¶ 11].

19.     The Debtor's other shareholders also received distributions based on their share ownership at the time the distributions were made to Mr. Andersen. [Id.].

20.     During the year 2019 and on April 17, 2019 and August 5, 2019, the Debtor's liabilities were current. [Id., ¶ 13].

21. During 2019, the Debtor always had cash on hand to pay its liabilities as they became due. [Id.].

22. Given the Debtor's positive net income in 2019, the Debtor's liabilities did not exceed its assets at fair valuation at any time during 2019 or on April 17, 2019 or August 5, 2019 when the distributions to the Defendant were made. [Id., ¶ 14].

23. In 2021, the Debtor received a non-taxable PPP loan of $229,426 from the federal government. [Id., ¶ 16].

24. In October of 2021, the Debtor received or recovered a contingency fee of $240,000. [Id., ¶ 19].

25. In early 2020, the Defendant loaned the Debtor the sum of $50,000 to hire counsel for the firm with respect to claims of Sean Sheppard, an attorney that was terminated by the firm. [Id, ¶ 18].

26. The $50,000 loan made by the Defendant was reflected on the Debtor's balance sheet in the Debtor's 2020 tax returns. [Id.].

27. The source of the proceeds of the $50,000 repayment and the $97,500 distribution to the Defendant were the PPP loan and the contingency fee recovery. [Id., ¶ 16, 19].

28. After these two (2) payments, there remained $34,500 in the Debtor's operating account. [Id., ¶ 20].

29. Given the non-taxable PPP loan of $229,426 to the Debtor, it had positive income of some $185,811 for the year 2021. [Id., ¶ 17, 21].

30. Given the cash surplus available to the Debtor from the PPP loan and the contingency fee settlement in October 2021, the Debtor's liabilities did not exceed its assets on November 10, 2021 payment of $50,000 to the Defendant or the November 30, 2021 distribution of $97,500 to the Defendant. [Id., 21].

**HUNTER, SMITH & DAVIS, LLP**

By: */s/ Mark S. Dessauer*
Mark S. Dessauer, Esq.
TN BPR NO. 010421
Attorney for Defendant
Post Office Box 3740
Kingsport, Tennessee 37664
(423) 378-8840; Fax: (423) 378-8801
dessauer@hsdlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 15th day of May, 2025, the foregoing **Statement of Facts that Cannot Genuinely be Disputed** was filed electronically and will be served electronically by operation of the Court's electronic case filing system on the parties who are registered to receive electronic filing in this case. Notice of this filing will be sent by operation of the Court's electronic filing system to the following parties pursuant to the Court's CM/ECF system:

Edward J. Shultz on behalf of Plaintiff Douglas L. Payne
eshultz@tcflattorneys.com

**HUNTER, SMITH & DAVIS, LLP**
*/s/ Mark S. Dessauer*
Mark S. Dessauer